IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>    v.<br><br>JESUS AGUIRRE,<br><br>                  Defendant. | **8:16CR63**<br><br>**ORDER** |

This matter is before the court on the defendant's motion to vacate under 28 U.S.C. § 2255, Filing No. 169.

The defendant entered a plea of guilty to Count I of an indictment charging him with conspiracy to distribute methamphetamine. Filing No. 92. Plea Agreement. He was sentenced on January 27, 2017 to sixty months of incarceration. Filing No. 112, Minute entry; Filing No. 113, Judgment. He did not appeal to the Eighth Circuit Court of Appeals. The defendant timely filed this motion to vacate on December 18, 2017.[1]

In his § 2255 motion, the defendant alleges ineffective assistance of counsel. He alleges he did not appeal because his attorney did not discuss his appeal rights. Further he contends his attorney promised him he would only be sentenced to 12 to 24 months, promised he would be entitled to a safety-valve reduction and promised to file a motion to reduce his sentence and did not do so.

---

[1] Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year statute of limitations on motions by prisoners seeking to modify, vacate or correct their federal sentences. *Johnson v. United States*, 544 U.S. 295, 299 (2005). Generally, that year begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255 (f)(1). When a defendant does not appeal, his conviction is final when the time for filing a direct appeal expires. *See Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005).

Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). If "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the court must dismiss the motion. *Id.* But if it does not plainly appear that the defendant is entitled to no relief, the government should be required to respond. *See id.*

On initial review, the court finds that "it does not plainly appear that the defendant is entitled to no relief," and that the government should be required to answer. On receipt of the government's answer, the court will determine (a) whether to order the parties to submit briefs on the merits, so that the defendant's claims may be resolved on the basis of the record and briefs, or (b) whether an evidentiary hearing is required. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

THEREFORE, IT IS ORDERED:

1. On initial review, the court finds that summary dismissal is not appropriate.

2. The United States shall file an answer to the defendant's § 2255 motion within 21 days of the date of this order.

Dated this 23rd day of January, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge